UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FBI WIND DOWN, INC., et al.,<br><br>          Debtors. | Chapter 11<br><br>Case No 13-12329 (CSS) |
| FBI WIND DOWN, INC. LIQUIDATING TRUST, by and through Alan D. Halperin, as Liquidating Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>YANG MING MARINE TRANSPORT CORPORATION,<br><br>          Defendant. | Adv. Proc. No. 15-51148 (CSS) |

## ANSWER

Defendant Yang Ming Marine Transport Corporation, by and through its undersigned attorneys, and for its Answer to the Complaint of the Plaintiff, states as follows:

1. Paragraph 1 of the Complaint is admitted only to the extent that the plaintiff is seeking the judgments as alleged. The remaining allegations of paragraph 1 of the Complaint are denied. It is specifically denied that the plaintiff is entitled to any such judgments.

2. Paragraphs 2 through 6 of the Complaint are admitted.

3. Paragraphs 7 through 9 of the Complaint are admitted only to the extent that the pleadings identified are filed with the court as alleged. The remaining allegations of paragraphs 7

through 9 of the Complaint are denied. It is specifically denied that the terms contained in the pleadings identified are true.

4. Paragraph 10 of the Complaint is admitted only to the extent that the defendant is a maritime carrier of goods that provided services to the Debtor pre-petition. The remaining allegations of paragraph 10 of the Complaint are denied.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraphs 8 through 13 of the Complaint, and therefore denies the allegations in Paragraphs 8 through 13.

6. Defendant denies the allegations of paragraphs 14 through 16 of the Complaint.

7. In response to the allegation of paragraph 17 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 16 above as if fully set forth herein.

8. Paragraphs 18 through 21 and 23 through 25 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the 90 days prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 18 through 21 and 23 through 25 of the Complaint, and therefore denies those allegations.

9. Paragraph 22 of the Complaint is admitted only to the extent that the quote is actually stated in the paragraph. The remaining allegations of paragraph 22 of the Complaint are denied.

10. In response to the allegation of paragraph 26 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 25 above as if fully set forth herein.

11. Paragraphs 27 through 31 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the two years prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 27 through 31 of the Complaint, and therefore denies those allegations.

12. In response to the allegations of paragraph 32 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 31 above as if fully set forth herein.

13. Paragraphs 33 through 36 and 38 through 40 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the 90 days prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 33 through 36 and 38 through 40 of the Complaint, and therefore denies those allegations.

14. Paragraph 37 of the Complaint is admitted only to the extent that the quote is actually stated in the paragraph. The remaining allegations of paragraph 37 of the Complaint are denied.

15. In response to the allegation of paragraph 41 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 40 above as if fully set forth herein.

16. Paragraphs 42 through 46 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the two years prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief

as to the truth of the remaining averments contained in paragraphs 42 through 46 of the Complaint, and therefore denies those allegations.

17. In response to the allegation of paragraph 47 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 46 above as if fully set forth herein.

18. Paragraphs 48 through 51 and 53 through 55 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the 90 days prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 48 through 51 and 53 through 55 of the Complaint, and therefore denies those allegations.

19. Paragraph 52 of the Complaint is admitted only to the extent that the quote is actually stated in the paragraph. The remaining allegations of paragraph 52 of the Complaint are denied.

20. In response to the allegation of paragraph 56 of the Complaint, Defendant restates and incorporates by reference the responses set forth in paragraphs 1 through 55 above as if fully set forth herein.

21. Paragraphs 57 through 61 of the Complaint are admitted only to the extent that Defendant admits that the Defendant received some payments within the two years prior to the Commencement Date. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 57 through 61 of the Complaint, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Service of process of the Complaint and Summons was ineffective.

3. To the extent that the Transfers were otherwise avoidable under 11 U.S.C. § 547(b), the Transfers were (A) in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; (B) made in the ordinary course of business or financial affairs of the Debtor and Defendant; and (C) made according to ordinary business terms.

4. Any transfers to Defendant were made to it in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

5. Defendant took any Transfers in good faith and for value and retains its interest in the property transferred to the full extent of the value of such Transfers under 11 U.S.C. § 548(c).

6. The alleged transfers by the Debtor of interests in property, if any, cannot be avoided, and were not preferences, because such transfers were made contemporaneously in exchange for new value provided by Defendant to the Debtor pursuant to 11 U.S.C. § 547(c)(1), and after such transfer, Defendant provided new services to the Debtors, as new value, according to ordinary business terms and practices, pursuant to section 547 of the Bankruptcy Code.

7. The alleged transfers by the Debtors of interests in property, if any, cannot be avoided, and were not preferences, because the Defendant's contract for services was assumed.

8. Debtor received from Defendant reasonably equivalent value in exchange for each alleged transfer, and none of the 11 U.S.C. § 548(a)(1)(B)(ii) factors otherwise were met.

9. Any transfers to Defendant complained of, in whole or in part, were not transfers of an interest of the Debtor.

10. Defendant, as a common carrier, provided prepetition transportation services to the Debtor. Therefore, Defendant had a general maritime lien, a contractual lien, warehouseman's lien and/or a federal statutory carrier lien on the Debtors' cargo or goods for the full extent of its unpaid freight and charges. Accordingly, Defendant has no preference liability because, in the absence of the preference payments, Defendant would have perfected its inchoate possessory liens under the federal lien statute, general maritime law and/or contract of carriage, and therefore, would have been fully secured and entitled to payment of its claims in full in the chapter 7 liquidation case. *See, In re Paul Harris Stores, Inc.*, 342 B.R. 290 (Bankr. S.D. Ind. 2006). As a result, the Trustee cannot satisfy the necessary requirements of a preference under §547(b)(5) of the Bankruptcy Code.

11. Each time during the prepetition period that the Defendant released a shipment to the Debtor, Defendant was entitled to a new value credit for the full extent of the value of the cargo released to the extent of the balance then owed to Defendant. Therefore, since the value of the goods exceeds the amount transferred, the Defendant has no preference liability.

12. Pursuant to the September 11, 2013 order of the Bankruptcy Court authorizing the debtors to pay certain secured claims of Shippers/Warehousemen, the debtors and Defendant entered into an agreement whereby the debtors stipulated to the Defendant's lien status and paid the Defendant's pre-petition secured claims. Exhibit A. As such, Defendant has no preference liability.

13. Pursuant to the September 11, 2013 order of the Bankruptcy Court authorizing the debtors to pay certain secured claims of Shippers/Warehousemen, the debtors and Defendant entered into an agreement whereby the debtors assumed the executory contract with Defendant

6

for post-petition transportation services.  Exhibit A.  As such, Defendant has no preference liability.

14. Defendant specifically reserves all defenses that it may have and reserves its right to raise those defenses at any point in this proceeding.

WHEREFORE, Defendant prays:

1. That complaint of the Plaintiff be dismissed with prejudice.

2. That Defendant be awarded all of its damages and expenses arising out of and by reason of the Plaintiff's commencement of this action, including reasonable attorney's fees, costs and disbursements.

3. Such other and further relief as the court may deem proper.

Dated October 21, 2015.

/s/ Gary F. Seitz_____
Gellert, Scali, Busenkell & Brown LLC
By Gary F. Seitz (DE 4457)
913 N. Market Street, 10th Floor
Wilmington, DE 19801
Phone: 215-238-0011
Email: gseitz@gsbblaw.com